## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162 Corn Litigation | MDL No. 2591 |
| _____ | |
| David G. Dingmann, and Randall D. Hebrink, individually, and on behalf of all others similarly situated, | Master File No. 14-md-2591-JWL |
| | D. Kan. No. 24-cv-2576-JWL-ADM |
| | D. Minn. No. 24-cv-3675-ECT-LIB |
| Plaintiffs, | |
| v. | |
| Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., Daniel E. Gustafson, and John Does 1-10, | |
| Defendants. | |
| _____ | |

## PLAINTIFFS' MOTION FOR THE COURT TO SUGGEST SECTION 1407 REMAND TO THE DISTRICT OF MINNESOTA

John C. Weisensell
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 376-5756
jack@wolf-lawyers.com

Douglas J. Nill
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

*Counsel for Plaintiffs and the proposed Class*

## TABLE OF CONTENTS

INTRODUCTION. ……………………………………………………………….... 1

BACKGROUND. …………………………………………………………………….. 4

    A.    This is a legal malpractice-fee forfeiture lawsuit with Minnesota
           Plaintiffs and Defendants. ………………………………………...………… 4

    B.    Farmers' expert expresses his "serious concern, indeed shock" at the
           Defendant lawyers' misconduct. ……………………………….……… 5

    C.    Defendants repeatedly used false claims to get Farmers' legal malpractice
           lawsuits transferred to this Court. ……………………………...……… 5

ARGUMENT. ………………………………………………………………...……. 7

I.    This Court recognized in a May 9, 2024 decision in the *Niekamp* lawsuit that
    this Court sees no reason to address Farmers' legal malpractice-fee forfeiture
    claims in this Court. ……………………………………………………… 7

II.    Legal malpractice lawsuits like this lawsuit are never heard by the same court
    that presided over the underlying litigation. ……………………………….…… 8

III.    This Court has a conflict of interest that requires the Court's recusal or
    disqualification from this legal malpractice-fee forfeiture lawsuit under
    the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States
    Congress and the Fifth Amendment Due Process Clause's guarantee of an
    impartial adjudicator. ……………………………………………………..... 10

IV.    The Defendants accomplish nothing in the District of Kansas; whereas this
    case may settle in the District of Minnesota. …………………………… 11

CONCLUSION. ……………………………………………………………….….. 15

**INTRODUCTION**

"If [the MDL District Court] concludes that [this *Dingmann* lawsuit] is not appropriately included in the MDL at this point, [the Court] should suggest Section 1407 remand, which will be accomplished with a minimum of delay. See Panel Rules 10.1-10.3."

*In Re: Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, Transfer Order, Dec. 11, 2024, ECF No. 968, at p. 4.

The named and putative class Plaintiffs in this lawsuit ("Farmers") respectfully request that this Court accept the MDL Panel invitation to suggest 28 U.S.C. § 1407 remand of this lawsuit to the District of Minnesota. *See* Panel Rules 10.1-10.3. The MDL Panel transferred this lawsuit to this Court while acknowledging this Court may conclude that the case should not be in this MDL.

This legal malpractice lawsuit involves Minnesota Plaintiffs and Defendants and Minnesota claims and addresses Minnesota Rules of Professional Conduct. This Court recognized in a May 9, 2024 decision in the *Niekamp* lawsuit that this Court sees no reason to address Farmers' legal malpractice-fee forfeiture claims in this Court. Legal malpractice lawsuits like this lawsuit are never heard by the same court that presided over the underlying litigation.

This Court has a conflict of interest that requires the Court's recusal or disqualification from this legal malpractice-fee forfeiture lawsuit under the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress and the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator.

1

The *Kellogg* lawsuit was dismissed as a six-plaintiff case and is not res judicata or collateral estoppel to the legal malpractice-fee forfeiture claims and the Court's recusal obligations in this lawsuit. The Tenth Circuit did not address the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress. This Court's decisions in the *Kellogg* lawsuit, and the *Niekamp* lawsuit before transfer and while *Niekamp* was under the jurisdiction of the Northern District of Ohio, show evidence that the Court's impartiality might reasonably be questioned under § 455(a).

This Court has an insurmountable conflict of interest under § 455(b). The Supreme Court and Fed. R. Civ. P. 23 do not allow lawyers to privately contract clients and absent class members out of a class action. Farmers' expert, Richard W. Painter, the preeminent lawyer and judicial ethics expert in the United States, recognizes that "there is strong evidence" that the Defendants "lied" to this Court to persuade this Court to approve the automatic opt-outs for the 9,000 Minnesota Farmers from the MDL class proceedings during the litigation through the unlawful and concealed joint prosecution agreements. This Court is identified as a Relevant Non-Party in this lawsuit Complaint through the civil RICO "Fraud On The Court Enterprise." Complaint, ECF No. 7(1), at ¶¶ 83, 313-315.

This Court has an ongoing obligation to recuse under § 455(e) that cannot be waived. *See United States v. Gipson*, 835 F.2d 1323, 1325-26 (10th Cir. 1988) (§§ 455(b) and (e) mandates create a "jurisdictional" limitation on the authority of a

judge to participate in a given case and the burden is on the judge to recuse).

The Defendants will accomplish nothing with this litigation in the District of Kansas. If the Court denies Farmers' motion for the Court to suggest 28 U.S.C. § 1407 remand of this lawsuit to the District of Minnesota and dismisses Farmers' lawsuit claims as urged by the Defendants, the Court will dismiss a two-plaintiff case, as *Kellogg* was dismissed as a six-plaintiff case. There are 9,000 Minnesota plaintiffs and 60,000 national plaintiffs injured by the Defendants' unlawful and concealed joint prosecution agreements and misappropriation of disputed funds. Farmers are not inclined to file a motion for class certification in the District of Kansas because this Court has an untenable conflict of interest and there is evidence that the Court's impartiality might reasonable be questioned. The federal courts have recognized that class certification motions can be considered after remand to the transferor court, and this is particularly true when the lawsuit is a single state class action in the state of the transferor court applying that state's law. As for pretrial proceedings in the District of Kansas, Farmers have what Farmers need for declaratory and summary judgment motions on liability. However, as with class certification, Farmers are not inclined to file those motions in this Court; Farmers will wait until this case is returned to the District of Minnesota.

On the other hand, if this Court grants Farmers' motion for the Court to suggest to the MDL Panel to return this case to the District of Minnesota under 28 U.S.C. § 1407, Farmers' counsel believe there is an opportunity to resolve this case through settlement.

3

Farmers' settlement efforts have been engaged by Defendants' counsel but repeatedly spurned because they have been able to persuade the MDL Panel to transfer Farmers' lawsuits to this Court.

## BACKGROUND

### A.      This is a legal malpractice-fee forfeiture lawsuit with Minnesota Plaintiffs and Defendants.

This is a $63 million legal malpractice fee-forfeiture lawsuit by 9,000 Minnesota corn growers suing their Minnesota lawyers, the Defendants, for racketeering and a breach of fiduciary obligations through deceit, in connection with lawsuits filed by those corn growers against Syngenta AG ("Syngenta") in federal and state courts in 2014-17. ECF No. 7(1) (Class Action Complaint).

The named and putative class Plaintiffs are 9,000 corn growers who reside and operate farms in Minnesota.  The Defendants are law firms and lawyers in Minnesota who are signatories on joint prosecution agreements – private contracts between the lawyers – that excluded the 9,000 Minnesota Farmers from the MDL class proceedings during the litigation without the Farmers' knowledge and informed consent.

The U.S. Supreme Court and Fed. R. Civ. P. 23 do not allow lawyers to privately contract clients and absent class members out of a Rule 23 class action, and thereby deprive the clients and absent class members of the individual notice and opt-out procedures and due process safeguards enshrined in Rule 23.  *See, e.g.*, Complaint, at ¶¶

4

14-15.  Thus, the Defendants' joint prosecution agreements were a breach of the Defendants' fiduciary obligations to Farmers and a fraud of omission as a matter of law.

**B.    Farmers' expert expresses his "serious concern, indeed shock" at the Defendant lawyers' misconduct.**

Farmers' expert on the liability issues is Prof. Richard W. Painter, the chief ethics counsel for President George W. Bush and the White House staff from 2005-2007, and the co-author of two books on legal ethics with Judge John T. Noonan, Jr., of the U.S. Court of Appeals for the Ninth Circuit.  In a letter opinion dated October 24, 2023, Prof. Painter expresses his "serious concern, indeed shock" at the Defendant lawyers' misconduct.  ECF No. 7(2)(Ex. 1).

**C.    Defendants repeatedly used false claims to get Farmers' legal malpractice lawsuits transferred to this Court.**

This litigation has been underway since April, 2018.  The Defendants have used every ploy in the defense lawyer arsenal to prevent Farmers' motions for class certification and declaratory and summary judgment from being heard on the merits. At the same time, the Defendants' counsel repeatedly used false claims to get Farmers' legal malpractice lawsuits transferred to this Court.

The *Kellogg* lawsuit, *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022), *cert. denied*, 2023 WL 2563324 (U.S. Mar. 20, 2023) (No. 22-651), a legal malpractice fee-forfeiture lawsuit, was filed in the District of Minnesota on April 24, 2018.  The Defendants procured an improper transfer of the *Kellogg* lawsuit to the

Syngenta MDL with a false claim that the lawsuit was a collateral attack on the MDL settlement and fee award decisions. MDL No. 2591, ECF No. 751.  The Defendants' claim was demonstrably false because the *Kellogg* lawsuit had zero impact on the MDL settlement and fee award decisions.  Before the lawsuit was dismissed by this Court, the *Kellogg* plaintiffs never appeared in the MDL for any substantive reason.

The *Niekamp* lawsuit, *Niekamp, et al. v. Watts Guerra LLP, et al.*, No. 3:23-CV-2289-JZ, a legal malpractice fee-forfeiture lawsuit, was filed in the Northern District of Ohio on November 28, 2023.  The Defendants procured an improper transfer of the *Niekamp* lawsuit to the Syngenta MDL with the same false claim that the lawsuit was a collateral attack on the MDL settlement and fee award decisions. MDL No. 2591, ECF No. 853.  Because this Court has an untenable conflict of interest and there is evidence that the Court's impartiality might reasonably be questioned, Farmers voluntarily dismissed the lawsuit after the transfer order was filed.

Farmers commenced this *Dingmann, et al.* legal malpractice fee-forfeiture lawsuit in Minnesota state court on behalf of 9,000 corn growers who reside in Minnesota as the named and putative class Plaintiffs, and six law firms and lawyers who reside in Minnesota as the Defendants, thus implicating the mandatory home state exception in the Class Action Fairness Act of 2005 (CAFA).  *See* 28 U.S.C. § 1332(d)(4)(B).  The Defendants procured a Conditional Transfer Order (CTO-87) with the same false claim that Farmer's legal malpractice fee-forfeiture claims are a collateral attack on the MDL

6

settlement and fee award decisions. MDL No. 2591, ECF No. 887.

## ARGUMENT

**I.    This Court recognized in a May 9, 2024 decision in the *Niekamp* lawsuit that this Court sees no reason to address Farmers' legal malpractice-fee forfeiture claims in this Court.**

This Court's May 9, 2024 opinion is replete with a recognition that Farmers' legal

malpractice-fee forfeiture claims do not violate the injunction in the Syngenta MDL Final

Order and Judgment, 2:14-md-02591-JWL, ECF No. 3850, ¶ 19, against lawsuits that

"interfere" with the MDL district court settlement terms and fee award decisions.  *See,*

*e.g., In Re: Syngenta AG Mir 162 Corn Litigation*, MDL No. 2591, ECF No. 4741:

- slip op. at 10: "The Court is not persuaded … that the *Niekamp* claims, if litigated, actually would have interfered with any such order.";

- slip op. at 12: "[W]hether those [joint prosecution agreements] could or could not serve as the basis for tort liability for movants, the Court cannot fathom any potential effect on the Court's fee orders";

- slip opinion at 12, n. 5: "[T]his Court does not believe that *Niekamp* had the potential … to interfere with the Court's settlement or fee award orders, and therefore it is not persuaded that its injunction has been violated.";

- slip op. at 13: attorney ethics rules that require that "disputed funds … be held in escrow until the dispute is resolved [do not create] interference with the Court's [fee awards].";

- slip op. at 14: "[T]he Court is not persuaded that the plaintiffs, in filing the *Niekamp* action, violated the injunction in the Final Order and Judgment as alleged by movants."

## II.   Legal malpractice lawsuits like this lawsuit are never heard by the same court that presided over the underlying litigation.

This lawsuit focuses on the Defendants' misconduct relating to the joint

prosecution agreements which were signed by the Defendant lawyers in Minnesota, *see,*

*e.g*., Complaint, at p. 2, n. 1:

> The Defendants in this lawsuit are law firms and lawyers in Minnesota who are signatories on joint prosecution agreements that excluded 9,000 Minnesota Farmers from the Syngenta MDL class litigation without Farmers' knowledge and informed consent. The agreements were a breach of the Defendants' fiduciary obligations to Farmers and a fraud of omission as a matter of law, and that is the focus of this lawsuit.

And this lawsuit focuses on the Defendants' misappropriation of disputed funds –

their attorney fee awards in the underlying Syngenta litigation – while the *Kellogg* and

*Niekamp* lawsuits were live controversies. *See, e.g*., Complaint, at ¶ 34:

> 34.   Defendants' misconduct through the unlawful and concealed joint prosecution agreements and the misappropriation of disputed funds will be addressed by motions for declaratory and summary judgment. Farmers will request a declaratory judgment under the Uniform Declaratory Judgments Act, Minn. Stat. §§ 555.01 *et seq*., the Minnesota statute authorizing a court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

Farmers' expert, Richard W. Painter, attests in his Expert Report Of Richard

Painter, ECF No. 7(2)(Ex. 2), at ¶ 17:

> Breach of fiduciary duty and fraud claims against lawyers are not routinely sent to the same judge who heard the underlying case.  There is absolutely no need for the same judge to hear the case, and breach of fiduciary duty and fraud cases against lawyers are usually placed into the random assignment system, or whatever other system, is routinely used to assign cases to judges.  I have been an expert witness in at least a dozen cases brought by clients against their own lawyers and I do not

8

recall one that was assigned to the same judge that heard the underlying case in which the lawyers represented the client.

Again, this Court recognized in the May 9 decision in the *Niekamp* lawsuit that this Court sees no reason to address the claims in this lawsuit in this Court (emphasis added):

- slip op. at 12: "[W]hether those [joint prosecution agreements] could or could not serve as the basis for tort liability for movants, *the Court cannot fathom* any potential effect on the Court's fee orders";

- slip op. at 13: attorney ethics rules that require that "disputed funds … be held in escrow until the dispute is resolved *[do not create] interference* with the Court's [fee awards]."

Defendants can pound the table and proclaim with a megaphone their anger at Farmers' counsel for courageously addressing the Defendants' "mass tort … individual suit" attorney fee fraud scheme, ECF No. 7(1), Complaint, Summary Of Claim at ¶¶ 1-55, but they cannot avoid the reality that this lawsuit, a legal malpractice fee-forfeiture lawsuit, does not belong in the Syngenta MDL.  This lawsuit, with 9,000 Minnesota corn growers as the putative class plaintiffs, and six Minnesota law firms and lawyers as the Defendants, and Minnesota claims that extensively implicate Minnesota attorney-client fiduciary law and the Rules of Professional Conduct, *see* Complaint, at ¶¶ 247-262 (Violations Of Minnesota Rules Of Professional Conduct), should be litigated in a Minnesota court.

**III.    This Court has a conflict of interest that requires the Court's recusal or disqualification from this legal malpractice-fee forfeiture lawsuit under the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress and the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator.**

Prof. Painter issued expert opinions that this Court has a conflict of interest that requires recusal or disqualification from a legal malpractice lawsuit transferred to the MDL under (1) the 28 U.S.C. § 455 recusal mandates of the United States Congress and (2) the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator, because the Court breached fiduciary obligations to the Farmers in this lawsuit and has knowledge of contested facts in the lawsuit. *See* ECF No. 7(2)(Exs. 2-4).  For example, Prof. Painter recognizes at ¶¶ 23-33 of his *Expert Report of Richard Painter*, ECF No. 7(2)(Ex. 2), that "*there is strong evidence*" that the Defendants "*lied*" to this Court to persuade this Court to approve the automatic opt-outs for the 9,000 Minnesota Farmers from the MDL class proceedings during the litigation through the unlawful and concealed joint prosecution agreements. (Emphasis added).  In the *Kellogg* litigation, the Tenth Circuit did not address the 28 U.S.C. § 455 recusal mandates, *Kellogg*, 41 F.4th at 1255-1258, and applied the wrong standard of review for the due process claim, and the Supreme Court declined to accept Farmers' petition for certiorari – a decision to not decide the issue.  This Court has a judicial conflict of interest that requires recusal or disqualification under the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United

10

States Congress[1] and the Fifth Amendment Due Process Clause's guarantee of an

impartial adjudicator. *Williams v. Pennsylvania*, 579 U.S. 1, 136 S. Ct. 1899, 1905, 195

L.Ed.2d 132 (2016) (a due process violation can occur if the judge played a critical role

in a prior related proceeding that creates the likelihood of bias or a personal interest in the

outcome).

## IV.    The Defendants accomplish nothing in the District of Kansas; whereas this case may settle in the District of Minnesota.

The Defendants accomplish nothing if they contest Farmer's motion for the Court

to suggest 28 U.S.C. § 1407 remand of this lawsuit to the District of Minnesota.  If this

Court denies Farmers' motion and dismisses Farmers' lawsuit claims as urged by the

---

[1]  Section 455 states, in pertinent part:

(a)    Any … judge of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)    He shall also disqualify himself in the following circumstances:
  (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; …
  (5)    He …
    (iv)    Is to the judge's knowledge likely to be a material witness in the proceeding.

(e)    No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b).

28 U.S.C. § 455(a), (b)(1) and (b)(5), and (e) (emphasis added).

Defendants, the Court will dismiss a two-plaintiff case,[2] as *Kellogg* was dismissed as a

six-plaintiff case.  There are 9,000 plaintiffs in Minnesota and any decision by this Court

to dismiss claims is not res judicata or collateral estoppel for the 9,000 absent class

members.  *See, e.g., Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 2379-80 (2011)

(unnamed member of putative class is not bound by any judgment in that litigation);

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, at 811-812 (1985) (absent class members

are not bound by merits judgment against named class plaintiffs without class

certification notice and opportunity to opt-out).

     Farmers are not inclined to file a motion for class certification in this Court

because this Court has an untenable conflict of interest and there is evidence that the

Court's impartiality might reasonably be questioned.  Assuming this case survives

Defendants' efforts to dismiss this case as a two-plaintiff case in this Court, Farmers will

---

     [2]  The Defendants' Rule 12(b)(7) and 19 motion to dismiss for failure to join indispensable parties has no merit.  Farmers' lawsuit is a legal malpractice-fee forfeiture lawsuit on behalf of 9,000 Minnesota corn growers.  The lawsuit requests the forfeiture of $63 million in attorney fees and expenses awarded to four Minnesota law firms in the Syngenta MDL (No. 2591) for their misconduct relating to the representation of their Minnesota clients.  The lawsuit does not seek the forfeiture of fees awarded to any other parties who may be participants in the Defendants' racketeering scheme.  It is not uncommon to see a lawsuit complaint with civil RICO claims list parties who may have liability, but are not targeted by the lawsuit, as "Relevant Non-Parties."  *See* Complaint, at ¶¶ 83-90; *see, e.g., Municipalities of Puerto Rico v Exxon Mobil Corp., et al*., 3:22-cv-01550 (D.P.R. Nov. 3, 2023) (Amended Complaint) ("Relevant Non-Parties" assisted the Defendants' misrepresentations); *Chevron Corp. v. Donziger, et al*., 11-cv-0691 (S.D.N.Y. Feb. 1, 2011) (Complaint) ("Relevant Non-Party Co-Conspirators").

proceed with class certification when this case is returned to the District of Minnesota. *See In re Light Cigarettes Mktg., Sales Practices Litig.*, 832 F. Supp. 2d 74, 77 (D. Me. 2011) ("[T]he transferor courts, each of which is familiar with the state law of their respective jurisdictions, are in a better position to assess the parties' state law arguments and their impact on the class certification issue."); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 276 F.R.D. 336, 339-48 (W. D. Mo. 2011) (refusing to certify individual state-wide classes because the request was an issue that the transferor courts should decide).

As for pretrial proceedings in the District of Kansas, Farmers have what is needed for declaratory and summary judgment motions on liability. However, as with class certification, Farmers are not inclined to file those motions in the District of Kansas; Farmers will wait until this case is returned to the District of Minnesota. *In re Activated Carbon-Based Hunting Clothing Mktg., & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1199 (D. Minn. 2012) (transferor courts are best situated to address state law claims); *Breathe D.C. v. Juul Labs. (In re Juul Labs. Mktg. Sales Practice, & Prod. Liab. Litig)*, 19-md-2913-WHO, 20-CV-03717-WHO, slip op. at 3 (N.D. Cal. June 12, 2023) (suggesting remand to the transferor court, the United States District Court for the District of Columbia, to address plaintiff's claim under the District of Columbia's Consumer Protection Procedures in "this specific, distinct case" and given that "the settlement structures" are in place for the MDL litigation); *In re Equifax, Inc. Customer*

13

*Data Sec. Breach Litig*., 1:17-md-2800-TWT, MDL 2800, slip op. at 30 (N.D. Ga. Apr. 13, 2022) (suggesting remand of four cases: "the transferor courts, each of which is familiar with the state law of their respective jurisdictions, are in a better position to assess the parties' state law arguments").

On the other hand, if this Court suggests to the MDL Panel to return this case to the District of Minnesota, Farmers will ask the Hon. Eric C. Tostrud to refer the case to Magistrate Judge Leo I. Brisbois for mediation.  In the District of Minnesota, facing motions for class certification and declaratory and summary judgment, the Defendants may engage Farmers' proposals for resolution. And so, the Defendants can persist with this litigation in the District of Kansas, and oppose Farmers' motion for this Court to suggest to the MDL Panel to return this case to Minnesota, and accomplish nothing, or the Defendants can cooperate to procure a meaningful resolution in Minnesota.

To be clear, if the Defendants persist with their desire to litigate this case in the District of Kansas, there will be no end in sight.  There is no statute of limitations for the disgorgement of legal fees procured through racketeering.  *See In re Nat'l Prescription Opiate Litig*., MDL 2804, No. 1:17-MD-2804, ECF No. 2568, slip op. at 11 (N.D. Ohio, Sept. 4, 2019) (Polster, J.) ("Plaintiffs' RICO claims for equitable relief, like those brought under the Clayton Act and like public nuisance claims, are exempt from the operation of a limitations period.").  And Minnesota recognizes the ongoing misconduct and continuing violation doctrines and class action tolling to toll the statutes of limitation

14

for the Minnesota statutory and common law claims.  Indeed, a continuing violation, a

violation today, is Defendant Daniel E. Gustafson's disregard of Farmers' July 10, 2019

and August 19, 2019 letter requests for "an unredacted copy" of a July 30, 2015 letter by

a Minnesota attorney ethics expert, David L. Sasseville, concluding that the joint

prosecution agreements that excluded 9,000 Minnesota Farmers from the MDL class

proceedings without Farmers' knowledge and informed consent – a private pay-for-

exclusion deal between the lawyers – violated attorney fiduciary obligations to clients

and Rule 1.7 of the Rules of Professional Responsibility.  Upon information and belief,

the redacted language in Sasseville's letter fully addresses his conclusions that the joint

prosecution agreements violated attorney fiduciary obligations and ethical norms.  *See,*

*e.g.,* Complaint, at ¶¶ 40-55.

## CONCLUSION

Farmers respectfully request that this Court suggest to the MDL Panel under 28

U.S.C. § 1407 and MDL Panel Rules 10.1-10.3 that this lawsuit should be remanded to

the District of Minnesota.

15

Dated: January 24, 2025

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 376-5756
jack@wolf-lawyers.com

*Counsel for Plaintiffs and the proposed Class*

16

**CERTIFICATE OF DIGITAL SUBMISSION**

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with the most recent version of Trend Micro Maximum Security, with the most recent update on January 24, 2025, and according to the program, is free of viruses.

Dated: January 24, 2025

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

17

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2025, I electronically filed on CM/ECF and

service was thereby electronically delivered to all counsel of record.

Dated: January 24, 2025

By: /s/ Douglas J. Nill                    
Douglas J. Nill (MN #0194876)