## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162<br>Corn Litigation | )<br>)<br>) | Master File No. 14-MD-2591-JWL-JPO |

In Re: Syngenta AG MIR 162 ) Master File No. 14-MD-2591-JWL-JPO
Corn Litigation )
_____ ) MDL No. 2591
)
David G. Dingmann and Randall D. Hebrink, ) D. Kan. No. 24-CV-2576-JWL-ADM
individually and on behalf of all others similarly )
situated, )
)
      Plaintiffs, ) **DEFENDANTS' RESPONSE TO**
) **PLAINTIFFS' MOTION FOR THE**
      v. ) **COURT TO SUGGEST SECTION 1407**
) **REMAND TO THE DISTRICT OF**
Bassford Remele PA, Gustafson Gluek PLLC, ) **MINNESOTA**
Schwebel Goetz & Sieben PA, Lockridge )
Grindal Nauen PLLP, Lewis A. Remele Jr., )
Daniel E. Gustafson, and John Does 1-10, )
)
      Defendants. )
)

## INTRODUCTION

After withdrawing their Motion for Reconsideration of the JMPL's Transfer Order[1], Plaintiffs now file a "Motion for the Court to Suggest Section 1407 Remand to the District of Minnesota." In doing so, Plaintiffs mischaracterize the JPML's Transfer Order as "invit[ing]" the Court to suggest remand of this lawsuit. On the contrary, the JPML was clear in rejecting Plaintiffs' objections to transfer, and correctly concluded that this lawsuit "falls within the scope of the

---

[1] This follows a pattern of vexatious filings by opposing counsel. In addition to withdrawing the meritless Motion for Reconsideration *after* Defendants incurred the expense of responding, opposing counsel previously filed a meritless Eighth Circuit appeal of the district court's denial of Plaintiffs' motion for remand. This required Defendants to file a motion to dismiss such improper appeal of a non-final order. The appeal was summarily dismissed, but not before opposing counsel filed a motion seeking leave to file a sur reply in opposition to the motion to dismiss which he subsequently withdrew *after* Defendants were forced to incur the expense of evaluating and working on a response thereto. All of this followed opposing counsel's blatant forum shopping and originally filing of the *Niekamp* action in the Northern District of Ohio, only to voluntarily dismiss such action after Defendants incurred significant expense of properly transferring such matter to the MDL and this court.

MDL," as "[t]he factual allegations in *Dingmann* are closely related to the MDL proceedings, and there can be little doubt that Judge Lungstrum is uniquely positioned to manage and resolve this action efficiently." (*See* 12/11/24 Transfer Order, Doc. 928, pp. 1, 3-4).

Plaintiffs cite no relevant legal authority to support their Motion. Instead, Plaintiffs resort to their fallback tactic of baselessly attacking Defendants' valid efforts to properly transfer related lawsuits filed by attorney Nill in other jurisdictions to the MDL. Plaintiffs' continued efforts to undermine not only the significant work undertaken to reach the MDL settlement but also previous decisions by this Court and the Tenth Circuit must be stopped. As already recognized by the JPML, this Court is the proper forum for efficiently presiding over this matter given its history and familiarity with the issues and claims, the settlement, and the involved parties (and indispensable non-parties).

## ARGUMENT

### A.    Plaintiffs' Motion for the Court to Suggest Remand is Properly Denied.

"A court overseeing an MDL is permitted to conduct coordinated or consolidated pretrial proceedings." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 07-MD-01871, 2017 WL 11678945, at *1 (E.D. Pa. Dec. 11, 2017) (citation omitted). "The term 'coordinated or consolidated' is to be interpreted broadly, and 'a proceeding that relates only to a single individual's case or claim can nonetheless be coordinated.'" *Id.* (citation omitted). "Further, 'it is not necessary that any one issue be common to all cases, so long as issues 'overlap.'" *Id.* (citation omitted).

"Once a matter is transferred and consolidated or coordinated by order of the Panel, an action can be remanded to its court of origin prior to the completion of pretrial proceedings 'only upon a showing of good cause.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 1:00-1898, 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019) (citation omitted). "The party seeking remand bears the burden of establishing that remand is warranted." *Id.*

"In considering motions for suggestions of remand, 'transferee courts apply the same guidelines the Panel itself would apply when deciding whether to order remand.'" *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Litig.*, 21-CV-04386-CRB, 2024 WL 2845529, at *1 (N.D. Cal. June 4, 2024) (citation omitted). "Generally, the decision to remand turns on the question of 'whether the case will benefit from further coordinated proceedings as part of the MDL,' and '[r]emand is appropriate when the discrete function performed by the transferee court has been completed.'" *Id.* (citing *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008)). Where, as here, "with respect to both discovery and motion practice, 'the Court has accrued significant familiarity with complex factual and legal issues,'" remanding an action "would squander the potential benefits of that experience," which "counsels against remand." *Id.* at *3 (citing *Wang v. Bear Stearns Companies, Inc.*, No. 11 Civ. 5643, 2013 WL 3479507, at *3 (S.D.N.Y. July 10, 2023); *In re MTBE Prods. Liab. Litig.*, 2019 WL 117302, at *2).

Here, the JPML has already correctly concluded that transfer of this case to the *Syngenta* MDL is proper, as it would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." (Transf. Ord., Doc. 928, p. 1). The JPML reasoned: "Because this action concerns alleged misrepresentations and other allegedly improper conduct by counsel relating to the litigation and settlement of such claims in the transferee court, it falls within the scope of the MDL." (*Id.*). The JPML clearly recognized the efficiency in transferring this case, based on the fact that "the allegations and claims in *Dingmann* closely track those in two prior actions," *Kellogg* and *Niekamp*, which were also transferred to the MDL. (*Id.*). In fact, as noted by the JPML, "*Kellogg* was litigated in the transferee court before the Honorable John W. Lungstrum for nearly two years before it ultimately was dismissed as a sanction for plaintiffs' counsel's repeated misconduct." (*Id.*, pp. 1-2).

Plaintiffs do not dispute that this Court's years of familiarity with the MDL proceedings and settlement they take issue with, or the Court's years of familiarity with similar complaints raised in the *Kellogg* and that were asserted in *Niekamp*, make it the proper and most efficient court to preside over this case. And, although no other actions remain pending, "[t]he Supreme Court has made clear that cases may be coordinated, and thus serve the purposes of the statute, even if all other cases have already been disposed of, so long as there is some 'common core' that makes it more just or efficient that the cases continue to be handled in one court or before one judge." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007) (denying motion to suggest remand) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998); *In re Wilson,* 451 F.3d 161, 170 (3d Cir. 2006) ("'[A] proceeding that relates only to a single individual's case or claim can nonetheless be coordinated,' as coordination can be found even if common issues are present only in relation to cases that have already been terminated."); *In re Patenaude,* 210 F.3d 135, 144 (3d Cir. 2000) ("To be coordinated, it is not necessary that common issues are being contemporaneously addressed."); *In re Evergreen Valley Project Litig.,* 435 F. Supp. 923, 924 (Jud.Pan.Mult.Lit.1977) (statute contemplates that transferee judge "in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate.")).

"Even where 'virtually all the actions with which [a] case was consolidated have ... been settled,' remand is not required." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 1:00-1898, 2019 WL 117302, at *4 (S.D.N.Y. Jan. 7, 2019) (denying motion to suggest remand) (citing *In re Integrated Res. Inc.*, 1995 WL 234975, at *4; *In re Wilson*, 451 F.3d at 170 ("[T]he test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending.")).

"The mere fact that pretrial proceedings have been concluded in some or most of the transferred cases does not justify remand of other cases initially transferred by the Panel. Even if the transferee court had disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case." *Id.* (citing *Wang*, 2013 WL 3479507, at *3; *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) (finding that it was not necessary to remand an action "in which discovery is not yet completed ... simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way")).

Here, the Court's familiarity with years of complex legal issues, the parties and their attorneys, the indispensable but unnamed parties, and ultimately, the MDL settlement and allocation of attorneys' fees, favors keeping this case in the MDL, and denying Plaintiffs' Motion. As the JPML already concluded: "Regardless of whether plaintiffs' fee-forfeiture suit challenges any of the MDL court's orders or seeks to interfere with their implementation, it plainly concerns alleged misconduct by attorneys representing plaintiffs in the MDL litigation and settlement classes, and is closely intertwined with the MDL proceedings." (Trans. Ord., Doc. 928, p. 3).

## B. Plaintiffs' Stated Bases for Suggesting Remand Have Already Been Rejected by the JPML.

Defendants will not respond to every mischaracterization and misrepresentation in Plaintiffs' Motion, but are compelled to address certain misstatements. For instance, Plaintiffs incorrectly assert as a basis for their Motion that "[t]his Court recognized in a May 9, 2024 decision in the *Niekamp* lawsuit that this Court sees no reason to address Farmers' legal malpractice-fee forfeiture claims in this Court." (Doc. 65, p. 1; *see also* pp. 7, 9). On the contrary, this Court's May 9, 2024 decision made no such conclusion beyond recognizing that the *Niekamp* plaintiffs voluntarily dismissed their case without prejudice in response to the JPML's transfer of the lawsuit to the MDL. *See generally, In re Syngenta AG MIR 162 Corn Litig.*, 14-MD-2591-JWL, 2024 WL

5

2091352, at *2 (D. Kan. May 9, 2024). The Court nevertheless retained jurisdiction to address the defendants' request for fees and costs based on an alleged violation of an injunction of the Court's Final Order and Judgment when the plaintiffs filed the *Niekamp* action. *Id.* at *7.

Additionally, the JPML already rejected Plaintiffs' reliance on this Court's May 9, 2024 Order as a basis for denying transfer of this case to the MDL. (Trans. Ord., Doc. 928, p. 3, stating: "Regardless of whether plaintiffs' fee-forfeiture suit challenges any of the MDL court's orders or seeks to interfere with their implementation, it plainly concerns alleged misconduct by attorneys representing plaintiffs in the MDL litigation and settlement classes, and is closely intertwined with the MDL proceedings.").

Further, Plaintiffs' suggestion that their "Minnesota claims…should be litigated in a Minnesota court" as a basis to suggest remand is properly rejected as "MDL courts routinely decide pretrial motions under the laws of multiple states." *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Litig.*, 21-CV-04386-CRB, 2024 WL 2845529, at *3 (denying motion to suggest remand, noting "the fact that issues of New York law are important to resolving the New York cases is not a persuasive reason for remand.") (citing *In re CVS Caremark Corp. Wage & Hour Emp. Pracs. Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) ("[I]t is 'within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state.'").

Plaintiffs also (again) assert that this Court's alleged "conflict of interest" favors remand. The JPML, however, already considered and rejected this argument, noting "Judge Lungstrum on multiple occasions rejected an identical argument that he should recuse in *Kellogg,* and the Panel has long held that it 'has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.'" (Trans. Ord., Doc. 928, p. 3).

## <u>CONCLUSION</u>

Plaintiffs' "rinse and repeat" arguments and claims asserted in this case, many of which have been previously raised and addressed by this very Court in *Kellogg*, only support keeping this case in the MDL. Plaintiffs have articulated no good cause for this Court to suggest that the JPML remand this matter, particularly in light of the JPML's rejection of Plaintiffs' exact same arguments when it transferred this case to the MDL on December 11, 2024.

Dated: <u>January 31, 2025</u>                    **Gordon Rees Scully Mansukhani, LLP**

*/s/ Suzanne L. Jones*
Suzanne L. Jones (#389345)
80 S. 8th Street, Suite 3850
Minneapolis, MN 55402
Phone:  612-351-5969
sljones@grsm.com
*Attorney for Lockridge Grindal Nauen PLLP*

*/s/ David A. Schooler*
David A. Schooler  (MN Bar No. 225782)
80 S. 8th Street, Suite 3850
Minneapolis, MN 55402
(612) 216-3455
dschooler@grsm.com
*Attorney for Defendant Schwebel Goetz & Sieben PA*

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Michael M. Lafeber*
Michael M. Lafeber (#0242871)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
612-977-8400
mlafeber@taftlaw.com
*Attorney for Defendants Gustafson Gluek PLLC*
*and Daniel Gustafson*


**LIND, JENSEN, SULLIVAN & PETERSON, P.A.**

*/s/ William L. Davidson*
William L. Davidson (#201777)
901 Marquette Avenue South, Suite 1900
Minneapolis, MN 55402
(612) 333-3637
william.davidson@lindjensen.com
*Attorney for Defendants Bassford Remele PA and*
*Lewis A. Remele Jr.*

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made.  In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses.


Dated: January 31, 2025          */s/ Suzanne L. Jones*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 31, 2025, I electronically filed the foregoing on CM/ECF and service was thereby electronically delivered to all counsel of record.

Dated: January 31, 2025              */s/ Suzanne L. Jones*