# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162 Corn Litigation | MDL No. 2591 |
| _____ | |
| David G. Dingmann, and Randall D. Hebrink, individually, and on behalf of all others similarly situated, | Master File No. 14-md-2591-JWL |
| | D. Kan. No. 24-cv-2576-JWL-ADM |
| | D. Minn. No. 24-cv-3675-ECT-LIB |
| Plaintiffs, | |
| v. | |
| Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., Daniel E. Gustafson, and John Does 1-10, | |
| Defendants. | |
| _____ | |

### PLAINTIFFS' RESPONSE TO ORDER, ECF NO. 64, ADDRESSING WHETHER THIS CASE SHOULD PROCEED IN THIS COURT

John C. Weisensell
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 376-5756
jack@wolf-lawyers.com

Douglas J. Nill
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

*Counsel for Plaintiffs and the proposed Class*

The named and putative class Plaintiffs in this lawsuit ("Farmers") submit this response to the Court's Order, ECF No. 64, "addressing whether there is any reason why the case should not now proceed in this Court … ." As addressed in Farmers' pending motion to suggest remand, ECF No. 65, Farmers respectfully request that the Court suggest to the MDL Panel under 28 U.S.C. § 1407 and Panel Rules 10.1-10.3 that this lawsuit should be remanded to the District of Minnesota.

This legal malpractice lawsuit involves Minnesota Plaintiffs and Defendants and Minnesota claims and addresses Minnesota Rules of Professional Conduct.  This Court recognized in a May 9, 2024 decision in the *Niekamp* lawsuit that this Court sees no reason to address Farmers' legal malpractice-fee forfeiture claims in this Court.  Legal malpractice lawsuits like this lawsuit are never heard by the same court that presided over the underlying litigation.

This Court has a conflict of interest that requires the Court's recusal or disqualification from this legal malpractice-fee forfeiture lawsuit under the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress and the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator.

The *Kellogg* lawsuit, *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022), *cert. denied* (Mar. 20, 2023), was dismissed as a six-plaintiff case and is not res judicata or collateral estoppel to the legal malpractice-fee forfeiture claims and the Court's recusal obligations in this lawsuit.  The Tenth Circuit did not address the 28

U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress. *Kellogg*, 41 F.4th at 1255-1258. This Court's decisions in the *Kellogg* lawsuit, and the *Niekamp* lawsuit before transfer and while *Niekamp* was under the jurisdiction of the Northern District of Ohio, show evidence that the Court's impartiality might reasonably be questioned under § 455(a).

This Court has an insurmountable conflict of interest under § 455(b). The Supreme Court and Fed. R. Civ. P. 23 do not allow lawyers to privately contract clients and absent class members out of a class action. Farmers' expert, Richard W. Painter, the preeminent lawyer and judicial ethics expert in the United States, recognizes that "there is strong evidence" that the Defendants "lied" to this Court to persuade this Court to approve the automatic opt-outs for the 9,000 Minnesota Farmers from the MDL class proceedings during the litigation through the unlawful and concealed joint prosecution agreements. This Court is identified as a Relevant Non-Party in this lawsuit Complaint through the civil RICO "Fraud On The Court Enterprise." Complaint, ECF No. 7(1), at ¶¶ 83, 313-315.

This Court has an ongoing obligation to recuse under § 455(e) that cannot be waived. *See United States v. Gipson*, 835 F.2d 1323, 1325-26 (10th Cir. 1988) (§§ 455(b) and (e) mandates create a "jurisdictional" limitation on the authority of a judge to participate in a given case and the burden is on the judge to recuse).

The Defendants will accomplish nothing with this litigation in the District of

Kansas.  If the Court denies Farmers' motion for the Court to suggest 28 U.S.C. § 1407 remand of this lawsuit to the District of Minnesota and dismisses Farmers' lawsuit claims as urged by the Defendants, the Court will dismiss a two-plaintiff case, as *Kellogg* was dismissed as a six-plaintiff case.  There are 9,000 Minnesota plaintiffs injured by the Defendants' unlawful and concealed joint prosecution agreements and misappropriation of disputed funds.  Farmers are not inclined to file a motion for class certification in the District of Kansas because this Court has a conflict of interest and there is evidence that the Court's impartiality might reasonably be questioned.  The federal courts have recognized that class certification motions can be considered after remand to the transferor court, and this is particularly true when the lawsuit is a single state class action in the state of the transferor court applying that state's law.  As for pretrial proceedings in the District of Kansas, Farmers have what Farmers need for declaratory and summary judgment motions on liability.  However, as with class certification, Farmers are not inclined to file those motions in this Court; Farmers will wait until this case is returned to the District of Minnesota.

If this Court grants Farmers' motion for the Court to suggest to the MDL Panel to return this case to the District of Minnesota under Section 1407, Farmers' counsel believe there is an opportunity to resolve this case through settlement.  Farmers' settlement efforts have been engaged by Defendants' counsel but repeatedly spurned because they have been able to persuade the MDL Panel to transfer Farmers' lawsuits to this Court.

Dated: January 31, 2025

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 376-5756
jack@wolf-lawyers.com

*Counsel for Plaintiffs and the proposed Class*

4

## CERTIFICATE OF DIGITAL SUBMISSION

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with the most recent version of Trend Micro Maximum Security, with the most recent update on January 31, 2025, and according to the program, is free of viruses.

Dated: January 31, 2025

By: /s/ Douglas J. Nill<br>
Douglas J. Nill (MN #0194876)

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed on CM/ECF and service was thereby electronically delivered to all counsel of record.

Dated: January 31, 2025

By: /s/ Douglas J. Nill<br>Douglas J. Nill (MN #0194876)