# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162<br>Corn Litigation<br>_____ | MDL No. 2591 |
| David G. Dingmann, and<br>Randall D. Hebrink, individually,<br>and on behalf of all others<br>similarly situated, | Master File No. 14-md-2591-JWL<br><br>D. Kan. No. 24-cv-2576-JWL-ADM<br><br>D. Minn. No. 24-cv-3675-ECT-LIB |
|                Plaintiffs, | |
| v. | |
| Bassford Remele PA, Gustafson Gluek<br>PLLC, Schwebel Goetz & Sieben PA,<br>Lockridge Grindal Nauen PLLP,<br>Lewis A. Remele Jr., Daniel E.<br>Gustafson, and John Does 1-10, | |
|                Defendants.<br>_____ | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SUGGEST
## SECTION 1407 REMAND

John C. Weisensell  
WEISENSELL & CORGAN, LLC  
23 South Main Street  
Suite 301  
Akron, OH 44308  
(330) 376-5756  
jack@wolf-lawyers.com

Douglas J. Nill  
DOUGLAS J. NILL, PLLC  
d/b/a FARMLAW  
1850 Fifth Street Towers  
150 South Fifth Street  
Minneapolis, MN 55402  
(612) 573-3669  
dnill@farmlaw.com

*Counsel for Plaintiffs and the proposed Class*

The Defendants argue in their response that "attorney Nill … must be stopped." Farmers' counsel, Douglas J. Nill and John C. Weisensell, represent the Defendants' clients in this fee dispute litigation.  By claiming that "attorney Nill ... must be stopped," the Defendants are, in effect, asserting that their clients "must be stopped." This represents a personal attack on Farmers' counsel and an unprofessional criticism of their own clients.

The Defendants demonstrate their belief in the Court's partiality through their persistent efforts to bring Farmers' legal malpractice lawsuits – *Kellogg, Nieikamp*, and *Dingmann* – before this Court.  Farmers' settlement efforts have been engaged by Defendants' counsel but repeatedly spurned because they have been able to persuade the MDL Panel to transfer Farmers' lawsuits to this Court.

The Defendants do not deny that the *Kellogg* lawsuit was dismissed as a six-plaintiff case and is not res judicata or collateral estoppel to the Court's recusal obligations in this lawsuit.  The Defendants do not deny that the Tenth Circuit did not address the 28 U.S.C. §§ 455(a), (b) and (e) recusal mandates of the United States Congress in the *Kellogg* lawsuit.  *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1255-1258 (10th Cir. 2022), *cert. denied* (Mar. 20, 2023).

The Defendants do not acknowledge that this lawsuit identifies this Court as a "Relevant Non-Party" through their "Fraud on the Court Enterprise."  *See* Complaint, ECF No. 7(1), at ¶¶ 83, 224-230, 293-298, 313-315.  There is no reasonable scenario in

1

which a judge, referred to as a "Relevant Non-Party" in a civil RICO case involving a "Fraud on the Court Enterprise," can continue as the assigned judge. This issue, not raised in the *Kellogg* lawsuit, must be considered by the Court when addressing Farmers' motion to suggest a Section 1407 remand to the District of Minnesota.

The Court need not look hard to find substantial evidence of the Defendants' deceit. Farmers' expert, Richard W. Painter, analyzed the language of the joint prosecution agreements and the Syngenta MDL hearings. He found "strong evidence" that the Defendants "lied" to the Court in order to secure approval for the automatic opt-outs of 9,000 Minnesota Farmers from the MDL class proceedings through the unlawful and concealed agreements. *See, e.g.,* ECF No. 7, *Expert Report of Richard Painter*, Nill Decl., Ex. 2(2), ¶¶ 23-33.

Additionally, the Court should consider Defendant Daniel E. Gustafson's disregard of Farmers' July 10, 2019 and August 19, 2019 letter requests for an unredacted copy of a July 30, 2015 letter by a Minnesota attorney ethics expert, David L. Sasseville. The letter concluded that the joint prosecution agreements that excluded 9,000 Minnesota Farmers from the MDL class proceedings without Farmers' knowledge and informed consent – a private pay-for-exclusion deal between the lawyers – violated attorney fiduciary obligations to clients and Rule 1.7 of the Minnesota Rules of Professional Conduct. Upon information and belief, the redacted language in Sasseville's letter fully addresses his conclusions that the joint prosecution agreements violated attorney

fiduciary obligations and ethical norms. *See, e.g.,* Complaint, at ¶¶ 46-48 (Gustafson misconduct); and ¶¶ 220-222 (Sasseville letter).

As evidenced by the Sasseville letter, the Defendants were aware, when they submitted the joint prosecution agreements to this Court for approval in 2015, and again in 2016 when seeking automatic exclusions of absent class members from the Syngenta MDL class proceedings, that these agreements violated attorney fiduciary duties and ethical standards. This Court should take strong exception to the Defendants' misrepresentation of the ethics and merits of those agreements. Yet, despite the substantial evidence of the Defendants' deceit, the Court has not acknowledged this misconduct.

The Court should acknowledge the substantial evidence of the Defendants' mail and wire fraud and obstruction of justice as outlined in the Complaint, ¶¶ 263-278, as well as the allegations related to a "Fraud On The Court Enterprise," ¶¶ 83, 224-230, 293-298, 313-315. Denying Farmers' motion to suggest a Section 1407 remand could raise concerns about the fairness of the proceedings. In light of this, Farmers respectfully request that the Court consider the importance of maintaining impartiality under 28 U.S.C. §§ 455(a), (b), and (e) and the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator, ensuring the process remains free from any appearance of partiality.

This is a legal malpractice-fee forfeiture lawsuit with Minnesota corn growers as Plaintiffs and Minnesota lawyers as Defendants and claims arising from Minnesota law. The claims raise significant concerns regarding violations of the Minnesota Rules of Professional Conduct and involve allegations of litigation misconduct within the state of Minnesota.  While the MDL Panel has made broad assertions, it is important to note that this Court does not necessarily possess unique insight into misconduct by Minnesota lawyers who breach fiduciary obligations to Minnesota clients and misappropriate disputed funds from those clients.

In *Kellogg*, this Court dismissed the named plaintiffs' claims based on the view that the legal malpractice claims were rendered moot by the Syngenta MDL settlement and the district court's fee award decisions in that settlement. However, this Court did not appear to consider the U.S. Supreme Court's decision in *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015), which clarifies that cases transferred to an MDL must retain their separate identities.  The principle is further emphasized in *In re Nat'l Prescription Opiate Litig.,* 956 F.3d 838, 845 (6th Cir. 2020), which states that a district court's decision on whether to grant a motion to dismiss must be based on the complaint allegations and the record in the specific case at hand, not on others. As noted in the Sixth Circuit case, MDLs are not a context where the usual legal principles can be disregarded.

Additionally, this lawsuit, involving named plaintiffs who were absent class members in the *Kellogg* lawsuit, once again raises the issue of the Minnesota Consumer

Fraud Act (CFA). The Court's prior determination in *Kellogg* that no public benefit exists in this case, thus dismissing the Farmers' CFA claim, warrants reconsideration. The CFA requires that an alleged fraud must have a public benefit to be actionable in a class action. This is grounded in the idea that the CFA is designed to protect the public from unfair or deceptive trade practices. For this public benefit requirement, it suffices that the deceptive act affects a broader group of consumers, not just an individual plaintiff. As explained in *Engstrom v. Whitebirch, Inc.*, A-21-1735, slip op. at 5-6 (Minn. App. 2022), a "one-on-one" transaction does not meet this threshold, and a Minnesota court applied this test in affirming a jury verdict against a defendant law firm perpetrating a fraud on its clients. *See Cedillo v. Igbanugo*, A18-0860, slip op. at 3 (Minn. App. 2019) (affirming a jury verdict against a law firm for legal malpractice, breach of contract, and violation of the Minnesota Consumer Fraud Act).

      A key attribute of a great federal district court judge is the ability to recognize when another court may be better situated to address the merits of a lawsuit. In this case, the District of Minnesota, and specifically the Hon. Eric C. Tostrud, who is well-versed in Minnesota law, is ideally positioned to address the claims related to this jurisdiction. Given the nature of the claims and the expertise required, it would be in the interest of justice for this case to be heard in that forum.

Dated: February 7, 2025

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 376-5756
jack@wolf-lawyers.com

*Counsel for Plaintiffs and the proposed Class*

## CERTIFICATE OF DIGITAL SUBMISSION

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with the most recent version of Trend Micro Maximum Security, with the most recent update on February 7, 2025, and according to the program, is free of viruses.

Dated: February 7, 2025

By: /s/ Douglas J. Nill  
Douglas J. Nill (MN #0194876)

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2025, I electronically filed on CM/ECF and service was thereby electronically delivered to all counsel of record.

Dated: February 7, 2025

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)
