IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) | |
| | ) | |
| *Dingmann, et al. v. Bassford Remele PA, et al.*, | ) | |
| No. 24-2576-JWL | ) | |
| _____ | ) | |

**<u>MEMORADNUM AND ORDER</u>**

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' motion for a suggestion of remand to the transferor court (Doc. # 65). For the reasons set forth below, the Court **denies** the motion. Defendants shall file their responses to the complaint on or before **March 17, 2025**.

On December 13, 2024, this case was transferred into the MDL and to this Court by order of the Judicial Panel on Multidistrict Litigation (JPML). In its Order of January 10, 2025, the Court denied without prejudice defendants' motion for leave to file a motion to dismiss; vacated any deadlines for responding to the complaint; stated its intent not to issue substantive orders until the JPML had ruled on plaintiffs' pending motion for reconsideration of the transfer of the case into the MDL; and asked the parties to notify the Court of any ruling by the JPML on the motion. On January 23, 2025, after plaintiffs had withdrawn their motion for reconsideration, the Court ordered each side to file a response addressing whether there was any reason why the case should not now proceed in this

Court, with the setting of a deadline for responses to the complaint. Both sides filed responses, and plaintiffs filed the instant motion for a suggestion of remand.

First, the Court addresses whether it may proceed to issue substantive orders in this case. Defendants argue in their response that the case may proceed here in the wake of plaintiffs' withdrawal of their motion for reconsideration of the JPML's order. Plaintiffs, in their response to the Court's most recent order, do not directly address this issue whether the case should proceed, but instead merely repeat their arguments in support of their motion for a suggestion of remand. Thus, the parties appear to be in agreement that the Court may proceed with this case, including ruling on plaintiffs' present motion.

In its transfer order, the JPML concluded as follow:

> We note that the MDL is in its final stages, and that no actions remain pending. While these circumstances typically weigh against transfer, we conclude that transfer nonetheless is appropriate here. The factual allegations in [the present case] are closely related to the MDL proceedings and there can be little doubt that [the undersigned judge] is uniquely positioned to manage and resolve this action efficiently. If he concludes that [this case] is not appropriately included in the MDL at this point, he should suggest Section 1407 remand, which will be accomplished with a minimum of delay. See Panel Rules 10.1-10.3.

Plaintiffs argue that the Court should accept the JPML's invitation and suggest remand now, before further pretrial proceedings. The Court does not agree, however, that the case is "not appropriately included in the MDL at this point."

Under Section 1407, the governing statute, inclusion of a case within an MDL is appropriate when the case involves a question of fact common to another case in the MDL and such inclusion would serve interests of convenience and efficiency. *See* 28 U.S.C. § 1407. The Court agrees with the JPML that that standard is satisfied here, as this action is

based on conduct occurring within the context of the litigation of the main MDL cases, with which this Court has an intimate familiarity. Indeed, the case is practically identical to *Kellogg*, another case transferred to the MDL, in which the Court addressed various legal issues in conducting pretrial proceedings. Therefore, the required commonality is present, and the case is most efficiently litigated here, at least at this stage of the litigation.

The Court is not persuaded to the contrary by plaintiffs' arguments in favor of remand. First, plaintiffs incorrectly assert that the Court recognized in a previous opinion that there is no reason for this case to be litigated in the MDL. In the referenced opinion, the Court's Memorandum and Order of May 9, 2024, issued in the MDL, the Court merely concluded that certain plaintiffs did not violate an injunction in the final judgment in the main MDL settlement case when they filed an action (*Niekamp*) with claims virtually identical to those asserted in *Kellogg* and the present case. *See In re Syngenta AG MIR 162 Corn Litig.*, 2024 WL 2091352 (D. Kan. May 9, 2024) (Lungstrum, J.). The Court did not state or suggest that *Niekamp* or any future similar case would not be appropriately included in the MDL; to the contrary, the Court noted that the JPML had applied a different standard in deciding whether to transfer the case into the MDL, and it stated explicitly that it expressed no opinion on the propriety of that decision.[1]

---

[1]    *Niekamp* had been ordered into the MDL by the JPML, but those plaintiffs dismissed the suit before the transfer could take effect. The defendants' motion to enforce the injunction in the final judgment was not rendered moot by that dismissal, however, because the defendants also sought an award of fees. The Court was thus obliged to address whether the that action (and by implication, other similar actions) violated the injunction.

Plaintiffs next argue that they have essentially brought a legal malpractice action and that such actions "are never heard by the same court that presided over the underlying litigation." Plaintiffs have not cited any authority, however, that would prohibit this Court from presiding over pretrial proceedings in this case.[2] Moreover, the Court notes that this case would not be tried in this Court in any event, as the case has been transferred into the MDL only for pretrial proceedings.

Plaintiffs argue, based on the same expert affidavit submitted in *Kellogg*, that the undersigned judge has a conflict of interest and should recuse. In *Kellogg*, the Court rejected those same arguments for recusal on multiple occasions, and the Tenth Circuit affirmed those decisions. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3801719, at *7 (D. Kan. Aug. 13, 2019) (Lungstrum, J.); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 6894675, at *6 (D. Kan. Dec. 18, 2019) (Lungstrum, J.); *In re Syngenta AG MIR 162 Corn Litig.*, 2020 WL 1659860, at *2-6 (D. Kan. Apr. 3, 2020) (Lungstrum, J.), *aff'd sub nom. Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1255-58 (10th Cir. 2022); *see also In re Syngenta AG MIR 162 Corn Litig.*, 2022 WL 9643346 (10th Cir. Oct. 17, 2022) (unpub. op.) (affirming this Court's denial of the *Kellogg* plaintiffs' motion for intervention and recusal regarding disbursement of fee awards in the main MDL case). Nothing has occurred in the meantime that would cause the Court to reconsider its prior denials regarding recusal. The fact that plaintiffs have named this Court as a "relevant non-party" in their present complaint is immaterial. As the Tenth Circuit held, this Court did not

---

[2] Plaintiffs cite only their expert's opinion that such cases "are not routinely sent to the same judge who heard the underlying case."

breach a fiduciary duty to class members in the underlying MDL case, the undersigned need not testify about the Court's rulings in that case, no relevant *ex parte* communications took place, and the Court's decisions in that case do not provide a basis for recusal. *See Syngenta*, 41 F.4th at 1256-58. Indeed, the Court's ability to dispel such rank speculation by plaintiffs' expert makes it uniquely positioned to address related legal arguments by plaintiffs, and thus supports inclusion of the case in the MDL.[3]

The Court rejects plaintiffs' argument that it should suggest immediate remand to the Minnesota transferor court because the case involves claims under Minnesota law. The Court is perfectly able to apply the law of that state, as it did in the related *Kellogg* case. Moreover, the merits of plaintiffs' claims – which plaintiffs argue throughout most of their reply brief – are irrelevant to this question of whether the Court should suggest remand.

The Court also rejects plaintiffs' argument that "practical considerations" favor remand here. Plaintiffs insist that they will not file motions for summary judgment and for class certification in this Court before remand; but that decision is left to plaintiffs and does not affect whether the case is appropriately litigated in the MDL at this early stage of the litigation. Plaintiffs also contend that defendants will not engage in meaningful settlement discussions while the case remains in the MDL, but of course this Court has no obligation to assist plaintiffs in any such negotiations, and again, any triable claim will eventually be

---

[3]    In addition, any argument that the Court's prior rulings against the *Kellogg* plaintiffs and plaintiffs' counsel show actual bias or the appearance of bias – an argument that the Court has previously rejected – is further undercut by the fact that in its most recent relevant ruling the Court awarded this putative plaintiff class a major victory in denying the defendants' motion to enforce the final judgment's injunction by prohibiting such actions by the class.

returned to the transferor court. Finally, plaintiffs stress that the case presently involves only two putative class members and that any dismissal order will not have preclusive effect against other class members – which argument the Court takes as a poorly-disguised threat to keep filing identical suits as long as such cases are transferred to this Court. Again, any such possibility is not material to the particular issue whether this specific case, which the JPML has transferred, appropriately remains in the MDL at this stage. The Court concludes that it does, for the reasons set forth herein, and it therefore denies plaintiffs' motion.

In light of that ruling, the Court must set a deadline for defendants to answer or otherwise respond to the complaint. Defendants have suggested a deadline of March 17, 2025. Plaintiffs have not proposed any deadline or argued against defendants' suggestion. The Court finds that suggestion to be reasonable, and it therefore orders defendants to file any answer or other response to the complaint on or before March 17, 2025.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for suggestion of remand (Doc. # 65) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendants shall file their answers or other responses to the complaint on or before **March 17, 2025**.

IT IS SO ORDERED.

Dated this 12th day of February, 2025, in Kansas City, Kansas.

  /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge